

**U.S. Department of Justice**
Civil Division

Tel:  202-514-4052

December 3, 2024

Nwamaka Anowi
United States Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, VA 23219

RE:   *Manis v. USDA*, No. 24-1367

Dear Ms. Anowi,

We write to submit *Alpine Sec. Corp. v. FINRA*, No. 23-5129 (D.C. Cir. Nov. 22, 2024) as supplemental authority.

*Alpine* addressed whether, under *Axon Enterprises, Inc. v. FTC*, 598 U.S. 175 (2023), a plaintiff necessarily suffers irreparable harm when it is subjected to an allegedly unconstitutional agency proceeding.  In *Alpine*, the Financial Industry Regulatory Authority (FINRA) initiated a proceeding to expel one of its members.  The member sued in federal court, alleging that FINRA was unconstitutional under the Appointments Clause.  It then moved for a preliminary injunction halting the expulsion proceeding and argued that the Supreme Court's decision in *Axon* automatically mandates a finding of irreparable harm.

The D.C. Circuit rejected this argument.  *See* Slip Op. at 36-39.  The Court explained that "*Axon* at most says that, as a matter of statutory jurisdiction, a federal-court challenge to an unconstitutional appointment can begin before the agency acts."  *Id.* at 38.  But "[i]t does not say that every agency proceeding already underway must immediately be halted because of an asserted constitutional flaw."  *Id.*  Thus, while *Axon* eliminated the barrier to FINRA's member litigating its constitutional

claims in federal court before being expelled, it did not require an "accelerated and unorthodox summary review of the merits without a developed factual record." *Id.* at 37. The Court accordingly denied the preliminary injunction on the ground that the plaintiff failed to show irreparable harm without reaching the merits of the plaintiff's Appointments Clause claims. *See id.* at 39.

*Alpine* confirms that plaintiff cannot demonstrate irreparable harm here. As we explained in our principal brief (at 32), plaintiff's only asserted injury is that he is being subjected to an allegedly unconstitutional administrative proceeding. But even if *Axon* allows plaintiff to file suit in federal court before USDA's adjudication has concluded, that does not entitle him to an accelerated proceeding "under conditions of grave uncertainty." Slip Op. at 38. Plaintiff has therefore failed to demonstrate irreparable harm, and this Court may affirm for this reason alone.

Sincerely,

/s/ Graham White
Graham White
U.S. Department of Justice
Appellate Staff, Civil Division

cc:    all counsel (via e-mail).

## CERTIFICATE OF COMPLIANCE AND SERVICE

This letter complies with the type-volume limit of Federal Rule of Appellate Procedure 28(j) because it contains 329 words.

I hereby certify that on December 3, 2024, I electronically filed the foregoing letter with the Clerk of Court for the United States Court of Appeals for the Fourth Circuit by using the appellate CM/ECF system. Service will be accomplished by the appellate CM/ECF system.

*/s/ Graham White*
Graham White