
**PACIFIC LEGAL
FOUNDATION**

December 4, 2024

Nwamaka Anowi
United States Court of Appeals
Fourth Circuit
Office of the Clerk
1100 East Main Street, Suite 501
Richmond, VA 23219

Re:     Response to Supplemental Authority: *Manis v. USDA*, No. 24-1367

Dear Ms. Anowi:

Appellant Joe Manis submits this response to appellees' December 3, 2024, FRAP 28(j) letter submitting *Alpine Sec. Corp. v. FINRA*, --- F.4th ---, 2024 WL 4863140 (D.C. Cir. Nov. 22, 2024) as supplemental authority and the attached additional authorities regarding irreparable injury.

*Alpine* is inapplicable because its irreparable harm analysis is inextricably tied to D.C. Circuit precedent, which differs substantially from Fourth Circuit precedent. *Alpine* identified three D.C. Circuit cases that foreclosed the conclusion that being subjected to an unconstitutionally structured adjudication is an irreparable injury. *Id*. at *14. In contrast, in the Fourth Circuit, where "there is a likely constitutional violation, the irreparable harm factor is satisfied." *Leaders of a Beautiful Struggle v. Baltimore Police Dep't*, 2 F.4th 330, 346 (4th Cir. 2021) (en banc); Doc. 18 at 45–46; Doc. 24 at 23–24. Indeed, USDA acknowledged that for constitutional violations, "the irreparable harm factor 'is "inseparably linked" to the likelihood of success on the merits.'" Doc. 21. at 33.

The conclusion in *Axon Enterprise, Inc. v. FTC*, 598 U.S. 175, 191 (2023), that being subjected to an unconstitutionally structured adjudication "is impossible to remedy once the proceeding is over" establishes irreparable harm in this Court. 598 U.S. at 191. An injury that "'cannot be undone'" is necessarily irreparable. *Sierra Club v. U.S. Army Corps of Engineers*, 981 F.3d 251, 264 (4th Cir. 2020). And "depravation[s] of a constitutional right" are so great a harm that they "unquestionably constitute[] irreparable injury." *Miranda v. Garland*, 34 F.4th 338, 365 (4th Cir. 2022) (cleaned up). Moreover, after *Axon*, other courts have recognized the irreparability of this injury. *See, e.g.*, *ABM Indus. Groups, LLC v. Dep't of Lab.*, --- F.Supp.3d ---, 2024 WL 4642962, at *6 (S.D. Tex. Oct. 30, 2024); *Seton v. NLRB*, --- F.Supp.3d ---, 2024 WL 4678057, at *2 (W.D. Tex. Oct. 18, 2024). Because Mr. Manis

has established that he is likely to succeed on the merits of his constitutional claims, he has also established irreparable harm. Doc. 18 at 45–46; Doc. 24 at 23–25.

Respectfully submitted,


/s/ *Joshua M. Robbins*
Joshua M. Robbins
PACIFIC LEGAL FOUNDATION
3100 Clarendon Blvd., Suite 1000
Arlington, VA 22201
(202) 945-9524
JRobbins@pacificlegal.org

*Counsel for Appellant*

cc: All Counsel of Record

**CERTIFICATE OF COMPLIANCE AND SERVICE**

I hereby certify that the body of this letter is 343 words. I relied on my word processor, Microsoft Word, to obtain the count.

I hereby certify that on December 4, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ *Joshua M. Robbins*
Joshua M. Robbins

United States District Court
Southern District of Texas

**ENTERED**

October 30, 2024

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ABM INDUSTRY GROUPS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| UNITED STATES DEPARTMENT OF | § | |
| LABOR; JULIE SU, Acting | § | |
| Secretary of Labor; MICHELE | § | |
| HODGE, Acting Director of the | § | CIVIL ACTION NO. H-24-3353 |
| Office of Federal Contract | § | |
| Compliance Programs, U.S. Dept. | § | |
| of Labor; WILLOW EDEN FORT, | § | |
| Administrative Law Judge, U.S. | § | |
| Dept. of Labor; and OFFICE OF | § | |
| FEDERAL CONTRACT COMPLIANCE | § | |
| PROGRAMS, U.S. Dept. of Labor, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

ABM Industry Groups, LLC ("Plaintiff") brought this action
against various Department of Labor defendants,[1] challenging their
authority to bring administrative enforcement proceedings against
Plaintiff before an ALJ.[2]  Pending before the court is Plaintiff's

_____

[1]"Defendants" hereinafter refers collectively to the
Department of Labor ("DOL"), the Office of Federal Contract
Compliance Programs ("OFCCP"), a division of the Department of
Labor, Julie Su, in her official capacity as Acting Secretary of
Labor, Michele Hodge, in her official capacity as Acting Director
of OFCCP, and Willow Eden Fort, in her official capacity as a DOL
Administrative Law Judge ("ALJ").

[2]Complaint for Declaratory and Injunctive Relief
("Complaint"), Docket Entry No. 1, p. 17.  All page numbers
reference the pagination imprinted at the top of the page by the
court's Electronic Case Filing system.

Motion for a Preliminary Injunction (Docket Entry No. 7). Plaintiff argues that the administrative proceeding violates its Seventh Amendment right to a jury trial and that the two layers of good-cause removal restrictions preventing removal of DOL ALJs violate Article II of the Constitution. The court reaches only the removal restriction argument. For the reasons explained below, the Plaintiff's Motion for a Preliminary Injunction will be granted.

## I. **Background**

Plaintiff is a federal contractor.[3] Executive Order 11246 ("EO 11246") requires federal agencies to put standard language in their contracts barring discrimination in employment based on race, creed, color, or national origin.[4] OFCCP audits federal contractors to ensure that they comply with this anti-discrimination provision.[5] If OFCCP concludes that a contractor is violating EO 11246, it can refer the matter to DOL administrative enforcement proceedings (before a DOL ALJ) or to the Department of Justice for enforcement in federal court. 41 C.F.R. § 60-1.26(b), (c).

---

[3]Complaint, Docket Entry No. 1, p. 9 ¶ 50.

[4]30 F.R. 12319 § 202(1).

[5]Complaint, Docket Entry No. 1, p. 9 ¶ 54; see Defendants' Response in Opposition to Plaintiff's Motion for a Preliminary Injunction ("Defendants' Response"), Docket Entry No. 24, p. 9 ("To enforce EO 11246, the Secretary has delegated the authority to promulgate regulations to the Director of OFCCP, an agency responsible for administering and enforcing various equal employment laws, such as the EO.").

In administrative anti-discrimination enforcement proceedings DOL ALJs have authority to manage the proceedings, including the authority to rule on discovery disputes and procedural motions, manage the schedule of the proceedings, rule on admissibility of evidence, and hold a final hearing. 41 C.F.R. §§ 60-30.8 - 60-30.11, 60-30.15. After a final hearing, the DOL ALJ recommends findings of fact and conclusions of law to the DOL Administrative Review Board ("ARB"). 41 C.F.R. § 60-30.27. The parties have the opportunity to file exceptions to the ALJ's recommendation with the ARB. 41 C.F.R. § 60-30.28. After considering the administrative record, the ALJ's rulings and recommendations, and the parties' exceptions to the recommendations, the ARB determines whether the defendant contractor committed violations and, if violations are found, issues an order that enjoins the violations and imposes appropriate remedies and sanctions. 41 C.F.R. §§ 60-30.29 - 60-30.30.

DOL ALJs are appointed by the DOL with the approval of the Office of Personnel Management ("OPM").[6] DOL ALJs may not be removed from office except "for good cause[.]" 5 U.S.C. §§ 7521(a), (b)(1). Good cause must be "established and determined by the Merit Systems Protection Board on the record after

_____

[6]OPM does not hire ALJs on behalf of other agencies but is responsible for developing and administering the ALJ examination process. 5 C.F.R. § 930.201(e)(1). Agencies may only hire ALJs with the approval of OPM or by selecting from a list of eligibles provided by OPM. 5 C.F.R. § 930.204(a).

opportunity for hearing before the Board." 5 U.S.C. § 7521(a).

MSPR members are appointed by the President with consent of the

Senate but "may be removed by the President only for inefficiency,

neglect of duty, or malfeasance in office." 5 U.S.C. § 1202(d).

OFCCP concluded that Plaintiff violated the anti-

discrimination requirements of Executive Order 11246 by preferring

Hispanic applicants over Black and White applicants at certain

branches, by failing to keep required employment records, and by

failing to conduct required analyses and audits.[7] OFCCP brought an

administrative enforcement action against Plaintiff, which is

assigned to DOL ALJ Willow Eden Fort.[8]

Plaintiff brought this action to challenge the administrative

proceeding on two grounds: (1) that the proceeding before an ALJ

violates Plaintiff's Seventh Amendment right to a jury trial and

(2) that the two layers of for-cause removal protections between

the President and DOL ALJs violate Article II.[9] On September 10,

2024, Plaintiff filed its Motion for a Preliminary Injunction.[10]

Plaintiff argues that it is likely to prevail on its constitutional

---

[7]Amended Administrative Complaint, Exhibit A to Plaintiff's Motion for a Preliminary Injunction, Docket Entry No. 7-1, p. 5 ¶¶ 17, 20, p. 7 ¶ 29, p. 9 ¶¶ 38-39.

[8]Defendants' Response, Docket Entry No. 24, p. 11.

[9]Complaint, Docket Entry No. 1, p. 10 ¶ 64, p. 11 ¶ 70, p. 15 ¶ 95. Plaintiff brings these challenges as requests for declaratory judgment and claims under the Administrative Procedures Act. Id. at 8 ¶ 41.

[10]Motion for a Preliminary Injunction, Docket Entry No. 7.

claims, that it is likely to suffer irreparable injury in the form of an invalid administrative proceeding unless the court enters a preliminary injunction, that the balance of equities favors an injunction, and that an injunction is in the public interest.[11]

Defendants respond that Plaintiff is unlikely to prevail on the merits, that Plaintiff has not established a substantial threat of irreparable harm, and that the balance of equities and the public interest weigh against a preliminary injunction.[12] On the merits of the Article II claim, Defendants argue that the President retains sufficient control over DOL ALJs and that Plaintiff has not connected the removal restrictions to any compensable harm.[13] As to irreparable harm, Defendants argue that being subject to administrative proceedings in particular or litigation in general are not qualifying harms.[14] As to the balance of equities and the public interest, Defendants argue that an injunction would frustrate enforcement of Executive Order 11246, that Plaintiff waited three years into the administrative proceeding to file this action, and that an injunction would delay enforcement proceedings against Plaintiff, making it more likely that evidence or witnesses become unavailable.[15] Defendants also argue that an injunction is

---

[11]Id. at 7-8, 10.

[12]Defendants' Response, Docket Entry No. 24, p. 8.

[13]Id. at 23, 27-28.

[14]Id. at 29-31.

[15]Id. at 31-32.

unnecessary because any unconstitutional removal restrictions are severable.[16]

## II. **Legal Standard**

"The decision to grant or deny a preliminary injunction is discretionary with the district court." Mississippi Power & Light Co. v. United Gas Pipe Line Co., 760 F.2d 618, 621 (5th Cir. 1985). "The four prerequisites [for granting a preliminary injunction] are as follows: (1) a substantial likelihood that plaintiff will prevail on the merits, (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury to plaintiff outweighs the threatened harm the injunction may do to defendant, and (4) that granting the preliminary injunction will not disserve the public interest." Canal Authority of State of Florida v. Callaway, 489 F.2d 567, 572 (5th Cir. 1974).

A "substantial likelihood" of success means that the Plaintiff is "considerably more likely" to prevail than not. United States v. Thorn, 317 F.3d 107, 117 (2d Cir. 2003). To demonstrate a substantial threat of irreparable injury, a plaintiff must show "a significant threat of injury from the impending action, that the injury is imminent, and that money damages would not fully repair the harm." Humana, Inc. v. Avram A. Jacobson, M.D., P.A., 804 F.2d 1390, 1394 (5th Cir. 1986). The balance of equities and the public

[16]Id. at 27-28.

-6-

interest elements merge when the government is a party. <u>Nken v.</u> <u>Holder,</u> 129 S. Ct. 1749, 1753 (2009); <u>VanDerStok v. BlackHawk</u> <u>Manufacturing Group Inc.,</u> 659 F. Supp. 3d 736, 744 (N.D. Tex. 2023). "[T]he Court weighs 'the competing claims of injury and considers the effect on each party of the granting or withholding of the requested relief,' while also considering the public consequences of granting injunctive relief." <u>VanDerStok,</u> 659 F. Supp. 3d at 744 (quoting <u>Winter v. Natural Resources Defense</u> <u>Council, Inc.,</u> 129 S. Ct. 365, 366-67 (2008)) (internal alterations omitted).

## III. **Analysis**

### A. **Likelihood of Success on the Merits**

Plaintiff argues that Supreme Court and Fifth Circuit precedent are dispositive on the merits of its Article II claim. Article II vests "[t]he executive Power . . . in a President of the United States of America;" states that the President "shall take Care that the Laws be faithfully executed;" and grants the President the power to "nominate, and by and with the Advice and Consent of the Senate, shall appoint 'Officers of the United States'" except "inferior Officers," for which Congress can choose to vest appointment power in the President alone, the courts, or department heads. U.S. Const. art. II, § 1, cl. 1; § 2, cl. 2; § 3.

"As he is charged specifically to take care that [the laws] be faithfully executed, . . . as part of his executive power he should

-7-

select those who were to act for him under his direction in the execution of the laws." Myers v. United States, 47 S. Ct. 21, 25, (1926). In Myers the Court held that "as his selection of administrative officers is essential to the execution of the laws by him, so must be his power of removing those for whom he cannot continue to be responsible." Id.

In Humphrey's Executor v. United States, 55 S. Ct. 869, 874 (1935), the Court held that Congress could sometimes place limits on the President's removal power. The Court upheld Congress's limitation on removing Federal Trade Commission Commissioners during their seven-year terms except "for inefficiency, neglect of duty, or malfeasance in office[.]" Id. at 872, 874. The Court emphasized that the FTC is an independent agency that performs quasi legislative and quasi judicial functions. Id. at 874. In United States v. Perkins, 6 S. Ct. 449, 450 (1886), the court upheld restrictions on the Secretary of the Navy's ability to remove a subordinate naval officer. The Court stated that "when congress, by law, vests the appointment of inferior officers in the heads of departments, it may limit and restrict the power of removal as it deems best for the public interest." Id. The Court again upheld good-cause restriction on a department head's ability to remove an inferior officer in Morrison v. Olson, 108 S. Ct. 2597, 2620 (1988). The Court stated that the validity of removal restrictions does not strictly depend on whether the officer performs a purely executive function as opposed to a

-8-

quasi legislative or quasi judicial function. Id. at 2618. Instead, the goal is to "ensure that Congress does not interfere with the President's exercise of the 'executive power' and his constitutionally appointed duty to 'take care that the laws be faithfully executed' under Article II." Id. The Court held that the President's need to supervise an independent counsel was not unduly impeded by limiting the Attorney General's ability to remove him only for good cause. Id. at 2619.

The Supreme Court first addressed an officer insulated by two layers of removal protections in Free Enterprise Fund v. Public Company Accounting Oversight Board, 130 S. Ct. 3138, 3147 (2010). The Public Company Accounting Oversight Board ("PCAOB") is an accounting regulatory body whose members are appointed by the Securities and Exchange Commission ("SEC"). Id. Congress prevented the SEC from removing PCAOB "members at will," allowing removal "only 'for good cause shown,' 'in accordance with' certain procedures." Id. at 3148. "[SEC] Commissioners cannot themselves be removed by the President except under the Humphrey's Executor standard of 'inefficiency, neglect of duty, or malfeasance in office[.]'" Id. The Court held that PCAOB members were "Officers of the United States" and that the two layers of removal protection violated the Constitution's separation of powers by "subvert[ing] the President's ability to ensure that the laws are faithfully executed[.]" Id. at 3155. The Court emphasized that SEC Commissioners "are only responsible for their own determination of

-9-

whether" a PCAOB member's conduct violates "the Act's rigorous good-cause standard" and that the President "is powerless to intervene—unless [the SEC's good-cause] determination is so unreasonable as to constitute 'inefficiency, neglect of duty, or malfeasance in office.'" Id. at 3154. The Court declined to address two-layer removal protections for ALJs, noting that it was disputed whether they are "Officers of the United States" and that many ALJs "perform adjudicative rather than enforcement or policymaking functions . . . or possess purely recommendatory powers." Id. at 3160 n.10.

In Lucia v. Securities and Exchange Commission, 138 S. Ct. 2044, 2051 (2018), the Court addressed whether SEC ALJs are "Officers of the United States." The question arose in the context of a challenge to whether an ALJ was validly appointed. Id. at 2051. The Court held that SEC ALJs are Officers, noting that they receive career appointments to positions established by statute and that they exercise significant discretion in performing important functions. Id. at 2053. The Court emphasized that the ALJs "have all the authority needed to ensure fair and orderly adversarial hearings," including the power to conduct trials, rule on motions, regulate the course of a hearing, rule on the admissibility of evidence, enforce discovery orders, and issue findings of fact and conclusions of law that become final if the SEC declines to review them. Id. at 2053-54. The Court declined the government's invitation to address whether removal protections insulating the ALJs are constitutional. Id. at 2050 n.1.

In <u>Jarkesy v. Securities and Exchange Commission,</u> 34 F.4th
446, 463 (5th Cir. 2022), the Fifth Circuit held that having two or
more layers of good-cause removal restrictions between the
President and SEC ALJs was unconstitutional. <u>Id.</u> at 464. The
court held that the ALJs — held to be officers for purposes of the
Appointments Clause in <u>Lucia</u> — must be subject to Presidential
control. <u>Id.</u> The SEC ALJs were only removable for good cause (as
determined by the MSPB), and the SEC Commissioners and MSPB members
were only removable for inefficiency, neglect of duty, or
malfeasance in office. <u>Id.</u> at 463-64. The Fifth Circuit, citing
<u>Free Enterprise Fund,</u> held that these two layers of for-cause
removal protection unconstitutionally interfere with the
President's ability to take care that the laws be faithfully
executed. <u>Id.</u> at 464-65.

Plaintiff argues that <u>Jarkesy</u> controls the merits of this case
because DOL ALJs exercise similar executive functions as SEC ALJs
and because they are insulated by two layers of removal protection
— two of the same layers protecting SEC ALJs. The court agrees
that <u>Jarkesy</u> is dispositive. SEC ALJs' authority to conduct
hearings are essentially the same as DOL ALJs, and DOL ALJs are
therefore "Officers of the United States" under <u>Lucia.</u> <u>Jarkesy</u>
therefore requires that DOL ALJs not be insulated by two layers of
good-cause removal protections.

Defendants argue that DOL ALJs are sufficiently accountable to
the President because they are overseen by the Secretary of Labor,

-11-

who (unlike SEC Commissioners) is removable at will by the President. In other words, Defendants argue that the problem in Jarkesy was that SEC ALJs were protected by three layers of removal restrictions — their own, the Commissioners' protections, and the MSPB's protections. But Jarkesy stated that the SEC ALJs were improperly insulated because "at least two layers of for-cause protection stand in the President's way." 34 F.4th at 465 (emphasis added). DOL ALJs are protected by two layers of restrictions: they can only be removed for cause, a decision that is made by the MSPB, who the President in turn can only remove for inefficiency, neglect of duty, or malfeasance in office. As in Free Enterprise Fund, the President "is powerless to intervene — unless [the MSPB's good-cause] determination is so unreasonable as to constitute 'inefficiency, neglect of duty, or malfeasance in office.'" 130 S. Ct. at 3154.

Defendants also argue that DOL ALJs are more subject to Presidential control because their findings and conclusions (after adoption by the ARB) are reviewable by the Secretary of Labor (who is removable at will) while the SEC ALJs' findings and conclusions were only reviewable by the SEC (whose Commissioners are not removable at will). It is not clear whether Jarkesy leaves room for upholding two-layer removal protections based on other means of controlling or reviewing ALJs. But even if other means of control could ameliorate the Constitutional infirmity, DOL ALJs still have all the powers to conduct administrative proceedings and therefore

-12-

to play a major role in shaping the administrative record. And their recommendations still carry weight — formally or informally.

Defendants argue that Plaintiff is unlikely to succeed on the merits because — even if the removal restrictions are unconstitutional — Plaintiff must show that they caused it harm to be entitled to any relief.[17] In <u>Collins v. Yellen,</u> 141 S. Ct. 1761, 1787 (2021), the Court held that the Federal Housing Finance Agency Director was unconstitutionally insulated from removal. The plaintiffs sought to void actions taken by the Director. <u>Id.</u> But unlike an improperly appointed officer, the actions of an improperly insulated officer are not necessarily void. <u>Id.</u> The Court stated that the plaintiffs had to show that the removal restrictions cause compensable harm, i.e., by frustrating the President's attempt or desire to remove the insulated official who took the challenged actions. <u>See id.</u> at 1788-1789.

Plaintiff argues that <u>Collins</u> does not apply to a litigant seeking to stop an administrative proceeding before an unconstitutionally insulated ALJ. In <u>Cochran v. U.S. Securities and Exchange Commission,</u> 20 F.4th 194 (5th Cir. 2021), the plaintiff challenged removal restrictions insulating the SEC ALJ overseeing her ongoing administrative proceeding. The Fifth Circuit addressed whether Congress had stripped federal district

---

[17]This argument overlaps with arguments about whether Plaintiff can show a substantial threat of irreparable injury, but Defendants argue that for Plaintiff to succeed on the merits of its Article II claim (i.e., to obtain any relief), <u>Collins</u> requires Plaintiff to show that the removal restrictions caused it harm.

court jurisdiction over the plaintiff's claims and whether plaintiff's claims were ripe. <u>Id.</u> at 199. In holding that the plaintiff's claims were ripe, the Fifth Circuit stated that "withholding judicial consideration would injure her by forcing her to litigate before an ALJ who is unconstitutionally insulated from presidential control." <u>Id.</u> at 212-13. On appeal the Supreme Court held that Congress had not stripped jurisdiction over the plaintiff's claims. <u>Axon Enterprise, Inc. v. Federal Trade Commission,</u> 143 S. Ct. 890, 900 (2023).[18] Relevant to that conclusion (for reasons not reproduced here in full) was the fact that being subject to a proceeding before an improperly insulated ALJ is a legal harm separate from any decisions made by the ALJ. <u>Id.</u> at 903.[19]

<u>Collins</u> dealt with challenges to the substantive actions taken by an improperly insulated officer. To void those actions, plaintiffs must connect their harm resulting from those substantive actions to the challenged removal restrictions. What <u>Cochran</u> and <u>Axon</u> make clear is that being subject to a proceeding before an improperly insulated ALJ is a harm separate from any substantive

---

[18]Cochran's appeal was considered together with an appeal from <u>Axon Enterprises, Inc. v. Federal Trade Commission,</u> 986 F.3d 1173 (9th Cir. 2021). <u>See Axon</u>, 143 S. Ct. at 898-99.

[19]In short, when determining whether Congress intended to strip federal courts of jurisdiction over certain claims, one relevant factor is whether doing so could foreclose meaningful judicial review. <u>Id.</u> at 902. And although appellate courts could review errors by the SEC ALJ, they would be powerless after the fact to redress the plaintiff's subjection to the improperly insulated ALJ's proceeding. <u>Id.</u> at 903-04.

action taken by the ALJ.  Moreover, although <u>Cochran</u> and <u>Axon</u> did not address the required showings to obtain an injunction, they make clear that plaintiffs should be able to challenge proceedings before improperly insulated ALJs before the fact — because there is no remedy for that injury after the fact.  Defendants do not explain how Plaintiff can do so other than by seeking injunctive relief.  The court concludes that a plaintiff seeking to halt a proceeding before an unconstitutionally insulated ALJ need not show that the removal restrictions caused harm other than the proceeding itself.

## B.  **Irreparable Injury**

Plaintiff argues that it faces an irreparable injury by being subject to the unconstitutional proceeding.  The Fifth Circuit and Supreme Court made clear in <u>Cochran</u> and <u>Axon</u> that being subject to a proceeding before an improperly insulated ALJ is cognizable legal injury.  Plaintiff therefore faces a "significant threat of injury from the impending action[.]" <u>Humana,</u> 804 F.2d at 1394.  Because the proceeding is ongoing and nearing the dispositive motions deadline, "the injury is imminent[.]" <u>Id.</u> And although Plaintiff could appeal errors in the ALJs decision, there would be no remedy available after the fact that "would . . . repair the harm" of being subject to the proceeding while the ALJ is improperly insulated. <u>Id.</u>

Defendants argue that Plaintiff must connect the removal restrictions to actual harm other than the occurrence of the

-15-

proceedings and that the costs of administrative litigation do not qualify. But Axon makes clear that being subject to a proceeding before an improperly insulated ALJ is an actual harm independent of litigation costs:

> [M]any review schemes . . . require parties to wait before appealing, even when doing so subjects them to "significant burdens." . . . "[T]he expense and disruption" of "protracted adjudicatory proceedings" on a claim do not justify immediate review. . . . What makes the difference here is the nature of the claims and accompanying harms that the parties are asserting. Again, Axon and Cochran protest the "here-and-now" injury of subjection to an unconstitutionally structured decisionmaking process. . . . Axon and Cochran will lose their rights not to undergo the complained-of agency proceedings if they cannot assert those rights until the proceedings are over.

143 S. Ct. at 904. The court concludes that Plaintiff faces a substantial threat of irreparable injury.

## C. Balance of the Equities and the Public Interest

Plaintiff argues that an injunction would not harm Defendants and that the balance of equities and public interest therefore weigh in favor of granting an injunction. Plaintiff is likely to succeed on the merits of showing that the removal restrictions are unlawful, and "[t]he government suffers no cognizable harm from stopping 'the perpetuation of unlawful agency action.'" Space Exploration Technolo-Gies Corp. v. National Labor Relations Board, Civil No. W-24-CV-00203-ADA, 2024 WL 3512082, at *7 (W.D. Tex. July 23, 2024). Moreover, any harm an injunction would cause the

DOL is mitigated by its ability to refer violations to DOJ for enforcement in federal court.   41 C.F.R. § 60-1.26©.

## D.   **Severability**

Defendants argue that an injunction is inappropriate because the removal restrictions, if unconstitutional, can be severed. Courts apply a "strong presumption . . . that an unconstitutional provision in a law is severable from the remainder of the law or statute."   Barr v. American Association of Political Consultants, Inc., 140 S. Ct. 2335, 2350 (2020).   In deciding whether Congress would have intended a statute to be severable, courts ask whether "the remainder of the statute is 'capable of functioning independently' and thus would be 'fully operative' as a law."   Id. at 2352.   But there is no way for the court to sever the provisions before a final judgment.   "[P]rior to final judgment there is no established declaratory remedy comparable to a preliminary injunction; unless preliminary relief is available upon a proper showing, plaintiffs in some situations may suffer unnecessary and substantial irreparable harm."   See Doran v. Salem Inn, Inc., 95 S. Ct. 2561, 2567 (1975).   If the court does not enjoin the administrative proceeding, it is likely to conclude before the validity of the ALJ's removal restrictions is fully resolved.   Even if those restrictions are ultimately ruled to be unconstitutional and severed, Plaintiff's injury — being subject to the ALJ

proceeding while the ALJ is improperly insulated — would have occurred and could not be undone. Severability therefore cannot be substituted for a preliminary injunction in this case.

## IV. Conclusion and Order

Under <u>Jarkesy</u> Plaintiff is likely to succeed on the merits of its claim that DOL ALJ Fort is unconstitutionally protected by two layers of good-cause removal restrictions. Plaintiff faces a substantial threat or irreparable injury by being subjected to the administrative proceeding while these removal restrictions are in place. The balance of equities and the public interest weigh in favor of granting the requested injunction. Plaintiff's Motion for a Preliminary Injunction (Docket Entry No. 7) is therefore **GRANTED**. Defendants the United States Department of Labor, the Acting Secretary of Labor, the Office of Federal Contract Compliance Programs, the Acting Director of OFCCP, and Administrative Law Judge Fort are hereby **ENJOINED** from proceeding any further with Department of Labor case number 2021-OFC-00002, pending further order from this court.[20]

---

[20]Plaintiff's [Proposed] Order Granting Plaintiff's Motion for Preliminary Injunction, Docket Entry No. 7-4, p. 2, includes language referencing "any related adjudicative proceeding(s) within the Department of Labor against ABM," but the specifics of any other proceedings or ALJs are not before this court. If Defendants initiate other proceedings against Plaintiff before an improperly insulated ALJ, Plaintiff may ask the court to broaden the scope of the injunction.

Because the court is entering a preliminary injunction based on the unconstitutional removal restrictions, the court does not address Plaintiff's Seventh Amendment claim.

**SIGNED** at Houston, Texas, on this 30th day of October, 2024.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

ASCENSION SETON D/B/A
ASCENSION SETON MEDICAL
CENTER AUSTIN,

§
§
§

    Plaintiff,

§
§
§

CIVIL NO. 1-24-CV-01176-ADA

v.

§
§
§

NATIONAL LABOR RELATIONS
BOARD, JENNIFER ABRUZZO,
LAUREN MCFERRAN, MARVIN E.
KAPLAN, GWYNNE A. WILCOX,
DAVID M. PROUTY, and ELEANOR
LAWS,

§
§
§
§
§
§
§

    Defendants.

§
§

## **<u>ORDER</u>**

Consistent with this Court's Order granting a preliminary injunction in *Space Exploration Technologies Corp. v. National Labor Relations Board*, No. W-24-CV-00203-ADA, 2024 WL 3512082 (W.D. Tex. July 23, 2024), and upon consideration of Plaintiff Ascension Seton's ("Ascension") Motion for Preliminary Injunction (ECF No. 2) and the National Labor Relations Board's ("NLRB") response in opposition (ECF No. 22), it is hereby ordered that the Motion for Preliminary Injunction is **GRANTED.**

The Court notes that the primary issue raised in Plaintiff's Motion—the constitutionality of removal protections for NLRB Members and administrative law judges (ALJs)—is currently on appeal at the Fifth Circuit. *See Amazon.com Services LLC v. NLRB*, No. 24-50761 (5th Cir. Sept. 30, 2024). This Court's decision in *Space Exploration* is also on appeal at the Fifth Circuit. *See Space Exploration Techs. Corp.*

*v. NLRB*, No. 24-50627 (5th Cir. 2024). Upon the Fifth Circuit's ruling in either case, this Court will reconsider the Preliminary Injunction in light of the Fifth Circuit's guidance. In the interim, for the purpose of preserving the status quo and avoiding irreparable harm, this Court grants Plaintiff's Motion for Preliminary Injunction (ECF No. 2).

## I.     BACKGROUND

Ascension's Motion seeks to enjoin the NLRB's administrative proceedings against it. Pressingly, Ascension seeks to enjoin the administrative hearing scheduled for October 8, 2024, in NLRB causes 16-CA-307709 and 16-CA-308153. ECF No. 2-2 at 10.

In November and December of 2022, charges were filed with the NLRB alleging that Ascension committed unfair labor practices. *Id.* at 5. On April 17, 2024, the NLRB issued an order consolidating the cases and setting an ALJ hearing on October 8, 2024. Ascension filed its Motion for Preliminary Injunction on September 19, 2024, to enjoin the NLRB proceedings. ECF No. 2. The NLRB filed a response in opposition to Ascension's motion on October 3, 2024. ECF No. 22. The Court held a hearing on October 7, 2024, to hear the arguments of both parties. ECF No. 31.

## II.     LEGAL STANDARD

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

These elements are not examined in isolation but balanced in consideration of each other. *State of Texas v. Seatrain Int'l, S.A.*, 518 F.2d 175, 180 (5th Cir. 1975).

## III.   DISCUSSION

### a. Plaintiff has shown a substantial likelihood of success on the Merits.

This Court finds that Ascension has shown a likelihood of success on the merits of one or more of its claims. This Court has previously determined that there was a substantial likelihood of success on the merits with regards to showing that NLRB ALJs and Members are unconstitutionally protected from removal. *Space Expl.*, 2024 WL 3512082, at *3–4. Counts one and two of Ascension's complaint allege that NLRB ALJs and Members, respectively, are unconstitutionally insulated from removal. ECF No. 1 at ¶¶ 45–82.  Ascension thereby presents the same issue the Court addressed in *Space Exploration*, and the Court sees no reason to depart from its prior determination or the reasoning set forth therein. *See Space Exploration*, 2024 WL 3512082, at *3.

The NLRB insists that even if the challenged removal restrictions are unconstitutional, *Collins v. Yellen*, 594 U.S. 220 (2021) compels Ascension to show something it has not shown: that the President has sought to remove the ALJ assigned to this case. This Court agrees with the NLRB to the extent that *Collins* requires a court to determine whether an unconstitutional removal provision has caused, or is set to cause, harm to the plaintiff. However, the Court disagrees that *Collins* requires a showing that the President has sought to remove the ALJ assigned to this case. This same issue has been addressed in *Energy Transfer, LP v. National*

*Labor Relations Board*, NO. 3:24-CV-198, 2024 WL 3571494 (S.D. Tex. July 29, 2024). The court in *Energy Transfer* ultimately found that *Collins* did not require a plaintiff to show that the President has sought to remove the ALJ assigned to a case. *See Energy Transfer*, 2024 WL 3571494, at *4. Instead, *Collins* only required a court to determine whether an unconstitutional removal provision has caused, or is set to cause, harm to the plaintiff. *Id.* The court would ultimately conclude that "[f]or removal-restriction claims that seek relief *before* an insulated actor acts, it is not that *Collins*'s causal-harm requirement is altogether inapplicable, but rather that it is readily satisfied." *Id.* This Court adopts the *Energy Transfer* court's reasoning that *Collins*'s causal-harm requirement is satisfied when a removal-restriction claim is brought before the insulated actor acts.

Ascension's alleged harm is not the threat of being subjected to a particular action, but rather, being forced to participate in a constitutionally defective administrative process. And it is the removal provisions that protect the NLRB ALJ's and Members that create the constitutional defect.

### b. Plaintiff has sufficiently demonstrated that not issuing a preliminary injunction will result in an irreparable injury.

This Court also finds a likelihood of irreparable harm in the absence of preliminary injunctive relief. As the Supreme Court has stated, "being subjected to unconstitutional agency authority—a proceeding by an unaccountable ALJ. . . . is a here-and-now injury" that is "impossible to remedy once the proceeding is over." *Axon Enter., Inc. v. FTC*, 598 U.S. 175, 191 (2023) (internal quotation marks omitted). In *Axon*, "[t]he claim, again, is about subjection to an illegitimate proceeding, led by an

illegitimate decisionmaker." *Id*. Ascension has made the same claim. Even though the agency's order could be vacated after the proceeding, a "separation-of-powers claim" challenging unconstitutional removal protections "is not about that order" but about avoiding "an illegitimate proceeding." *Id*.

Ascension is currently scheduled for a hearing before an NLRB ALJ on October 8, 2024. ECF No. 2-2 at 2. This Court finds that subjecting Ascension to a hearing before a potentially unconstitutionally protected agency official satisfies the irreparable harm requirement.

The NLRB argues that *Axon* does not address injunctive relief and is narrowly tailored to jurisdiction over structural constitutional challenges. This Court acknowledges that *Axon* examined injury for jurisdictional purposes and not in the injunction context, but that does not change the Court's conclusion. This Court takes the *Axon* Court at its word when it stated that "being subjected to" "a proceeding by an unaccountable ALJ" is an injury that "cannot be undone." *Axon*, 598 U.S. at 191. A harm that "cannot be undone" is by definition irreparable.

### c. The balance of the harms and public interest weighs in favor of issuing a preliminary injunction.

Lastly, the Court finds that the balance of the harms and public interest weighs in favor of the injunction. Where the government is a defendant, the harm to the opposing party and public interest factors merge. *Nken v. Holder*, 556 U.S. 418, 435 (2009). The government suffers no cognizable harm from stopping "the perpetuation of unlawful agency action." *League of Women Voters of U.S. v. Newby*, 838 F.3d 1, 12 (D.C. Cir. 2016). Nor would an injunction preventing unlawful agency

action "disserve the public interest." *Louisiana v. Biden*, 55 F.4th 1017, 1022 (5th Cir. 2022).  It is not in the public interest to have an increasingly expansive Executive Branch that "slip[s] from the Executive's control, and thus from that of the people." *Free Enter. Fund v. Pub. Co. Acct. Oversight Bd.*, 561 U.S. 477, 499 (2010). Here, the balance of the harms to the opposing party and the public interest weighs in favor of granting a preliminary injunction.

## IV.   CONCLUSION

In conclusion, Ascension has met all the requirements for a preliminary injunction, and its Motion for Preliminary Injunction is hereby **GRANTED.**

**IT IS ORDERED** that all administrative proceedings in National Labor Relations Board Cases 16-CA-307709 and 16-CA-308153, including without limitation any hearing before an ALJ, are hereby stayed and enjoined in all respects pending further order of this Court.

**Signed** this 18th day of October 2024.

_____
Alan D Albright
United States District Judge