

May 7, 2025

**VIA CM/ECF**

Ms. Nwamaka Anowi
United States Court of Appeals
Fourth Circuit
Office of the Clerk
1100 East Main Street, Suite 501
Richmond, VA 23219

Re:   Notice of Supplemental Authority: *Manis v. USDA,* No. 24-1367

Dear Ms. Anowi:

Appellant Joe Manis submits this Rule 28(j) letter to advise the Court of the attached decision in *AT&T, Inc. v. FCC*, --- F.4th----, 2025 WL 1135280 (5th Cir. Apr. 17, 2025). *AT&T* supports Manis's application of *SEC v. Jarkesy*, 603 U.S. 109 (2024) to the alleged violation of the Horse Protection Act against which he is defending himself.

In *AT&T*, the Fifth Circuit considered whether the FCC's imposition of a civil money penalty on AT&T for alleged failures to protect the confidentiality of proprietary customer information violated the Seventh Amendment and Article III. 2025 WL 1135280, at *1–4. The Court concluded that both were violated. The civil money penalty was punitive in nature, instead of designed to restore the status quo, and thus was a common law remedy. *Id.* at *4–5. The cause of action was also closely related to common law negligence because the FCC established through regulation a reasonableness standard for protecting confidential information. *Id.* at *5–6. The Court concluded the Seventh Amendment applied despite the statute not containing common law terminology because "[t]he key inquiry" was "whether the statute 'target[s] the same basic conduct' as the common law claim." *Id.* at *6 (alteration in original). Additionally, the Court emphasized that the remedy was "'all but dispositive.'" *Id.* The Court also concluded that the public rights exception was not applicable to the FCC action given the common law nature of the claim, and thus it had to be adjudicated in an Article III court. *Id.* at *9.

3100 Clarendon Blvd., Suite 1000 • Arlington, VA 22201 • plf@pacificlegal.org • 916.419.7111 • *pacificlegal.org*

Notice of Supplemental Authority
*Manis v. USDA*, No. 24-1367
May 7, 2025
Page 2

Manis argues for a similar application of *Jarkesy* here. Doc. 25-1. The HPA claim against Manis is common law in nature because it has a punitive civil money penalty and is closely related to common law fraud because it seeks to prevent unfair competition in horse shows. *Id.* Because the claim is common law in nature, it is also not subject to the public rights exception. *Id.* Thus, the HPA claim must be tried before a jury in an Article III court.

                                            Respectfully submitted,

                                            /s/ *Joshua M. Robbins*
                                            Joshua M. Robbins
                                            PACIFIC LEGAL FOUNDATION
                                            3100 Clarendon Blvd., Suite 1000
                                            Arlington, VA 22201
                                            (202) 945-9524
                                            JRobbins@pacificlegal.org

                                            *Counsel for Appellant*

cc: All Counsel of Record

Notice of Supplemental Authority
*Manis v. USDA*, No. 24-1367
May 7, 2025
Page 3

## CERTIFICATE OF COMPLIANCE AND SERVICE

I hereby certify that the body of this letter is 335 words. I relied on my word processor, Microsoft Word, to obtain the count.

I hereby certify that on May 7, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

                                          */s/ Joshua M. Robbins*
                                          Joshua M. Robbins