

July 2, 2025

**VIA CM/ECF**

Ms. Nwamaka Anowi
United States Court of Appeals
Fourth Circuit
Office of the Clerk
1100 East Main Street, Suite 501
Richmond, VA 23219

Re:    Notice of Supplemental Authority: *Manis v. USDA,* No. 24-1367

Dear Ms. Anowi:

Appellant Joe Manis submits this Rule 28(j) letter to advise the Court of the attached decision in *Kennedy v. Braidwood Mgmt., Inc.*, No. 24-316, 2025 WL 1773628 (U.S. June 27, 2025). *Braidwood* confirms that USDA's Judicial Officer is unconstitutionally functioning as a principal officer by issuing final, binding, and unreviewable adjudicative decisions without a proper appointment.

*Braidwood* evaluated the officer status of members of the U.S. Preventative Services Task Force whose recommended preventative services must be covered at no-cost by private health insurers. 2025 WL 1773628, at *4–6. The Court concluded that the Task Force members were inferior officers because they were sufficiently supervised through the Secretary of Health and Human Services' authority to remove members at will and to "review and block" their recommendations. *Id.* at *8.

In reaching this conclusion, the Court confirmed that the Appointments Clause analysis for Executive Branch adjudicators is distinct, requiring principal officer review for inferior officers. *Id.* at *10. Citing *Arthrex*, the Court explained that principal officer review "[took] on particular importance" for adjudicators. *Id.* Furthermore, the Court reiterated that principal officer review is the "almost-universal model of adjudication in the Executive Branch." *Id.* at *15 (citation omitted).

Notice of Supplemental Authority
*Manis v. USDA*, No. 24-1367
July 2, 2025
Page 2

Additionally, while *Braidwood* analyzed non-adjudicative officers, it nevertheless demonstrated the importance of a principal officer's ability to change the decisions of inferior officers to provide sufficient supervision. 2025 WL 1773628, at *9–12. For example, the removability of Task Force members was effective because the HHS Secretary could change the Task Force's composition and request that the new members change or rescind earlier recommendations. *Id.* at *9–10.

In adjudications like Manis's, only principal officer review—not removal or administrative oversight—allows the Agriculture Secretary to change or reverse decisions of the Judicial Officer. Doc. 18 at 16–29; Doc. 24 at 2–13. Because the Judicial Officer is appointed by the Secretary of Agriculture but makes unreviewable final adjudicative decisions, *Braidwood* confirms he is unconstitutionally exercising principal officer power. Doc. 18 at 16–29; Doc. 24 at 2–13.

Respectfully submitted,

/s/ *Joshua M. Robbins*
Joshua M. Robbins
PACIFIC LEGAL FOUNDATION
3100 Clarendon Blvd., Suite 1000
Arlington, VA 22201
(202) 945-9524
JRobbins@pacificlegal.org

*Counsel for Appellant*

cc: All Counsel of Record

Notice of Supplemental Authority
*Manis v. USDA*, No. 24-1367
July 2, 2025
Page 3

## CERTIFICATE OF COMPLIANCE AND SERVICE

I hereby certify that the body of this letter is 336 words. I relied on my word processor, Microsoft Word, to obtain the count.

I hereby certify that on July 2, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*/s/ Joshua M. Robbins*
Joshua M. Robbins